IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

THOMAS S. NEUBERGER, :
: 
    Plaintiff, :
:
v. : C.A. No. 05-916-TNO
:
THOMAS P. GORDON, individually; :
SHERRY FREEBERY, individually; :
CHRISTOPHER COONS, in his official :
capacity as County Executive; :
DAVID W. SINGLETON, in his official :
Capacity as Chief Administrative Officer; :
and NEW CASTLE COUNTY, a municipal :
Corporation, :
    Defendants. :

## MOTION OF ALL DEFENDANTS
## FOR STAY OF PROCEEDINGS

All defendants in the above captioned matter hereby respectfully move the Court for a stay of these proceedings. The reasons therefore are more fully set forth in defendants' brief in support of the motion, filed contemporaneously herewith.

FILED
MAY 3 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Charles E. Butler, Esquire (Bar I.D. 2349)
1224 N. King Street
Wilmington, DE 19801
(302) 655-4100
Attorney for Defendants

DATED:   May 31, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

THOMAS S. NEUBERGER, :
:
Plaintiff, :
:
v. : C.A. No. 05-916-TNO
:
THOMAS P. GORDON, individually; :
SHERRY FREEBERY, individually; :
CHRISTOPHER COONS, in his official :
capacity as County Executive; :
DAVID W. SINGLETON, in his official :
Capacity as Chief Administrative Officer; :
and NEW CASTLE COUNTY, a municipal :
Corporation, :
Defendants. :

**OPENING BRIEF OF ALL DEFENDANTS
IN SUPPORT OF THEIR MOTION FOR A STAY OF PROCEEDINGS**

Charles E. Butler, Esquire (Bar I.D. 2349)
1224 North King Street
Wilmington, DE 19801
Telephone: (302) 655-4100
Attorney for Defendants

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................iii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................2

    I.    APPLICATION OF THE SIX FACTOR ANALYSIS THAT HAS BEEN USED IN PRIOR CASES BROUGHT BY PLAINTIFF AS COUNSEL FOR OTHERS DEMONSTRATES THE NEED TO STAY THE CIVIL MATTER PENDING CONCLUSION OF THE CRIMINAL MATTER ...................................................................................2

        A.    THE EXTENT TO WHICH THE CRIMINAL AND CIVIL ISSUES OVERLAP ......................................................3

        B.    THE STATUS OF THE CRIMINAL PROCEEDINGS .............5

        C.    THE PLAINTIFF'S INTEREST IN EXPEDITIOUS CIVIL PROCEEDINGS WEIGHED AGAINST THE PREJUDICE TO THE PLAINTIFF CAUSED BY THE STAY .........................................................................................6

        D.    BURDEN ON THE DEFENDANTS .........................................7

        E.    THE INTERESTS OF THE COURT ........................................8

        F.    THE PUBLIC INTEREST ........................................................9

    II.    A MOTION TO STAY IS A RESPONSIVE PLEADING AND, AS SUCH, SHOULD POSTPONE THE TIMELY FILING OF AN ANSWER UNTIL ITS RESOLUTION .............................................10

    III.    DEFENDANTS CHRISTOPHER COONS, DAVID W. SINGLETON AND NEW CASTLE COUNTY SHOULD NOT BE REQUIRED TO ANSWER UNTIL AFTER THE RESOLUTION OF THE CRIMINAL TRIAL .........................................11

CONCLUSION .....................................................................................................12

## TABLE OF AUTHORITIES

Page

**Cases**

*First Citizens Mun. Corp. v. Pershing Div. of Donaldson,*
  *Lufkin & Jenrette Secs. Corp.*, 546 F. Supp. 884 (N.D. Ga. 1982) ..............10

*In re Adelphia Communs. Sec. Litig.*, 2004 U.S. Dist LEXIS 9736 at *7
  (E.D. Pa. May 14, 2003) ..............2, 5, 8

*Javier H. v. Garcia Botello*, 218 F.R.D. 72
  (W.D.N.Y. 2003) ..............2, 5, 7

*Maloney v. Gordon*, 328 F.Supp.2d 508 (D. Del. 2004) ..............passim

*Reyes v. Freebery, et al.*, ..............4, 5

*SEC v. Downe*, 1993 U.S. Dist. LEXIS 753 at *51
  (S.D.N.Y. Jan. 26, 1993) ..............11

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld*
  *Mechanical*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ..............11

*Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp.2d 523
  (D.N.J. 1998) ..............2, 5

**Statutes**

F.R.C.P. 30 ..............7

F.R.E. Rule 404(b) ..............4

Wright and Miller,
  Federal Practice & Procedure, § 1360 at 634 ..............10

Wright and Miller,
  Federal Practice & Procedure, § 1380 at p. 702 (3d ed. 2004) ..............10

## INTRODUCTION

Plaintiff in this matter is a person well known to the defendants, but not due to the reputation he attributes to himself in his complaint. Rather, he has been counsel to any number of litigants that have sued some or all of these defendants in the past. Plaintiff himself has catalogued his litigation history with Gordon and/or Freebery and the New Castle County government at paragraph 19 of his complaint. To paraphrase plaintiff's complaint, he has filed six lawsuits (this is his seventh) as attorney of record for parties alleging "free speech retaliation" by the defendants.

Of the prior six lawsuits filed by plaintiff as counsel, five are unresolved. All five have been assigned to the Hon. Kent A. Jordan of the District of Delaware. In each case, Judge Jordan has issued an order staying further proceedings in light of the following:

On May 26, 2004, a federal grand jury returned an indictment against defendants Gordon and Freebery. At the time, they were the County Executive and Chief Administrative Officer for defendant New Castle County, Delaware. The indictment alleged racketeering in their public offices as well as fraud and other corruption. The Court will find a copy of the indictment reproduced herewith as Exhibit "A."

Litigation concerning that indictment is already well under way. Upon recusal of all of the judges of the District of Delaware, the criminal matter was assigned to Judge Fullam of the Eastern District of Pennsylvania. Judge Fullam dismissed certain counts of the indictment, severed others and proceeded to trial against defendant Freebery on one count. That trial ended in a mistrial (hung jury) and is awaiting a retrial. Meanwhile, the government appealed Judge Fullam's dismissal of some counts and that matter is now pending in the Third Circuit Court of Appeals. Thus, defendant Freebery is currently

awaiting retrial on one count of the indictment, and defendants Gordon and Freebery are awaiting a decision by the Third Circuit on the scope of the remaining criminal trial they will face. Judge Jordan has exercised sound judgment by staying the civil lawsuits pending resolution of the criminal matter. We respectfully submit that this Court should do so as well.

## ARGUMENT

I. **APPLICATION OF THE SIX FACTOR ANALYSIS THAT HAS BEEN USED IN PRIOR CASES BROUGHT BY PLAINTIFF AS COUNSEL FOR OTHERS DEMONSTRATES THE NEED TO STAY THE CIVIL MATTER PENDING CONCLUSION OF THE CRIMINAL MATTER.**

In *Maloney v. Gordon*, 328 F. Supp.2d 508, 511 (D. Del. 2004), Judge Jordan set out the six factors that the Court should use in exercising its discretion in deciding whether to grant a stay in deference to related criminal proceedings: 1) the extent to which the issues in the civil and criminal cases overlap; 2) the status of the criminal proceedings, 3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; 4) the burden on the defendants; 5) the interests of the court and 6) the public interest. *Id.*, at 511 (*citing In re Adelphia Communs. Secs. Litig.*, 2004 U.S. Dist. LEXIS 9736 at *7 (E.D. Pa. May 14, 2003); *Javier H. v. Garcia Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp.2d 523, 527 (D.N.J. 1998)).[1]

---

[1] It should be noted that Judge Jordan recognized that there is existent a simpler, three factor test: 1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-movant, 2) whether a stay will simplify the issues raised by the parties, and 3) whether discovery is complete and a trial date has been set. *Maloney, supra* at 511, fn. 7. Because Judge Jordan chose to analyze the issue under the six factors enumerated above, however, we will do so for the sake of parity if none other. Nonetheless, Judge Jordan also found that if he applied the three factors above, he would still rule that a stay should be granted.

### A. The Extent To Which The Criminal And Civil Issues Overlap.

At the risk of trivializing plaintiff's slap suit complaint, he complains that 1) he is good, 2) defendants Gordon and Freebery are evil and 3) Gordon and Freebery were out to "get" the good guy in retaliation for his pointing out their evilness. He says they did so by publishing some sort of "attack ad" and by telling others about a medical condition of the plaintiff that they learned about in a sealed court hearing.

It is true that neither the alleged "attack ad" nor plaintiff's medical condition are directly part of the criminal indictment. But even according to the plaintiff, the issue is not quite so simple. For instance, he alleges that the "attack ad" was prepared "on County time using County equipment by County employees." Paragraph 41. If the ad was prepared -- as plaintiff alleges -- at defendants' direction by using County employees as part of a personal vendetta against plaintiff held by defendants, it is difficult to imagine how that issue *does not* overlap with the corruption allegations in the federal indictment.

The federal indictment charges that "the primary objectives of Defendants Thomas P. Gordon and Sherry L. Freebery were to: a) dominate, misuse, and control the County and its property and resources, including the services of County employees, for their personal benefit and enrichment; b) participate in County matters in which Gordon and Freebery had conflicts of interest, fail to disclose their conflicts of interest, and use County resources, including the services of County employees and County money, to conceal their conflicts of interest and participation in matters in which they had conflicts of interest…" Indictment Paragraph 3. If Gordon and Freebery, acting pursuant to a personal vendetta against plaintiff and not pursuant to an effort to fairly and truthfully rebut plaintiff's public allegations of their wrongdoings, used County resources to make

-3-

an "attack ad," it would seem the conduct fits well within the "primary objectives" alleged by the federal indictment. And while this alleged vendetta may be uncharged misconduct, the Court well knows that uncharged misconduct may be admissible in a federal criminal proceeding. *See generally* F.R.E. Rule 404(b). It is interesting to note that, in his complaint, plaintiff uses the following words, repeatedly, to describe the conduct of Gordon and Freebery: "illegal," "corrupt," "wrongdoing" and "fraud." Thus, while the conduct itself (the "attack ad") may not be conduct alleged in the indictment, the issues raised by the allegation (misuse of County resources and conflict of interest) most certainly do overlap the issues raised in the indictment.

To take another example, plaintiff complains that his personal medical information was revealed in some court proceeding in *Reyes v. Freebery, et al.*, and that "defendants were immediately barred by the U.S. District Court from disclosing, discussing or circulating this information in any way, shape or form," *Complaint Paragraph 43*, and that Gordon and Freebery told people anyway, again because of this supposed personal vendetta. In his complaint, however, the plaintiff does not direct the Court to any particular docket item in the *Reyes* case concerning this issue and we are not privy to the circumstances under which it was revealed in court. If we assume correctly from the complaint, however, that the revelation by defendants was a direct violation of a judicial order, one may question why it is not being handled by the judge who issued the order in the first place. Plaintiff is essentially asking this Court to police the direct orders of a different Court that has not even been asked to police the order itself.

Even if this Court were inclined to take on the issue while the criminal case is pending and the *Reyes* case is stayed, one can easily envision a scenario in which the stay

-4-

granted in *Reyes* becomes completely undermined by endless squabbles over "who said what where" in the stayed *Reyes* proceedings, with plaintiff himself switching seats as he juggles between witness as counsel to Reyes in that suit and client to his son as plaintiff here. Even where issues do not directly overlap, they may be hopelessly entangled with other issues that do overlap (and the issues in *Reyes* do overlap, as found by Judge Jordan).

Whether Gordon and Freebery are saints or sinners, their motives are very much at the heart of the federal indictment. Plaintiff here has similarly attacked defendants' motives. Both plaintiff and the criminal indictment charge Gordon and Freebery with misuse of their public positions to achieve essentially private aims. Both plaintiff and the criminal indictment charge Gordon and Freebery with retaliation against those who disagreed with them. The five pending civil suits against Gordon and Freebery brought by plaintiff as counsel for others claim that Gordon and Freebery retaliated against the plaintiff for exercising constitutional rights. So does this one. All five pending suits have been stayed. So should this one.

### B. The Status Of The Criminal Proceedings.

Judge Jordan laid out a sound template for an analysis of this issue:

> If criminal indictments are returned against civil defendants, then a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved. *In re Adelphia*, 2004 U.S. Dist. LEXIS 9726 at *9; *see also Walsh Securities*, 7 F. Supp.2d at 527. Civil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment of the United States Constitution.

*Javier H.*, 218 F.R.D. at 75.

Consideration of this factor strongly militates in favor of granting a stay of this proceeding. Defendants Gordon and Freebery have been indicted by a federal grand jury. Freebery has gone to trial once, will probably go to trial again on that count, and she and Gordon may be tried at least once more depending upon what the Third Circuit does with the counts dismissed by Judge Fullam.

      C.      **The Plaintiff's Interest in Expeditious Civil Proceedings Weighed Against the Prejudice to the Plaintiff Caused by the Stay.**

Again, as Judge Jordan has articulated clearly, "[i]n evaluating the plaintiff's burden resulting from a stay, courts may insist that the plaintiff establish more prejudice than simply a delay in her right to expeditiously pursue her claim." *Maloney, supra*, at 512.

Here, it is noteworthy that the "attack ad" that has plaintiff so upset was published in January, 2004. Apparently coincidentally, the personal medical information that he accuses Gordon and Freebery of disseminating improperly was allegedly revealed in Court on January 15, 2004. Yet plaintiff did not file this complaint until December 29, 2005, just under two years later. Without disputing here whether plaintiff has met the statute of limitations, one is forced to ponder what plaintiff's interest in "expedition" really is. He seeks, inter alia, a "reparative injunction" in which he would have Gordon and Freebery write him a personal letter of apology. He does not seek expedited proceedings by way of a preliminary injunction or similar relief. One presumes that if he were to receive a letter of apology there is little harm done if it were to come later rather than sooner. Likewise, the prejudice that plaintiff may complain of is only the prejudice

-6-

suffered by any litigant who is forced to wait for his day in court. It is not a prejudice that adds anything substantial to the equation.

### D. The Burden on the Defendants.

The problem of permitting discovery to proceed in a civil case while there are criminal charges pending against one or more civil defendants may be expressed thus: "if discovery moves forward, each defendant will be faced with the difficult choice between asserting his or her right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case." *Javier H., supra*, 318 F.R.D. at 75.

And the burden does not end there. Testimony by Gordon and Freebery is fundamental to understanding the merits of plaintiff's complaint. Each of the remaining defendants has an interest in that testimony as does the plaintiff. They too are burdened by sharing the defense side of the case caption with individuals possessed of Fifth Amendment privileges, making Gordon and Freebery no more accessible to the remaining defendants than they are to plaintiff. Likewise, Gordon and Freebery are not one person: either may wish to depose the other and either may invoke the constitutional privilege, again depriving the litigants of essential testimony. It is significant, for our purposes here, that Freebery chose not to testify at her criminal trial.

Finally, we cannot be blind to the scope of permissible questioning in a deposition. F.R.C.P. 30 permits questioning into not only the merits of the claim but also any area that is reasonably calculated to lead to the discovery of admissible evidence. Can there be any doubt but that plaintiff will demand answers to questions that directly implicate either or both defendant in the pending criminal matter? Can there be any

doubt but that the questions will be deliberately framed in order to elicit invocation of the constitutional privilege and the negative inferences that attend it in civil litigation? It is respectfully submitted that permitting discovery to proceed will effectively put this Court in the middle of protracted discovery/motions practice, all of which could be obviated by a stay pending resolution of the criminal charges.

Further, allowing discovery to go forward in this case will inevitably invade the stay orders that are in place in the five other lawsuits filed by plaintiff against Gordon and Freebery. Given the similarity of issues, and common parties, involved in the five stayed actions and the present case, it will be impossible to respond to discovery in this action without implicating, if not violating, the stay orders in the other five cases.

This dispute already has the earmarks of a personal feud. Plaintiff's complaint is a virtual diatribe, painting himself as a defender of the "little guy" and the defendants Gordon and Freebery as scurrilous, running dogs. He says defendants Gordon and Freebery hated him so much they took out an "attack ad" and smeared his reputation, all out of a personal vendetta against him. Clearly, this is not a contract dispute over a cargo shipment. Gordon and Freebery look forward to the forum in which this grievance might be aired, but the fight is not quite fair when Gordon and Freebery must simultaneously defend themselves against a federal indictment that similarly attacks their motives and character.

### E. The Interests of the Court.

At the risk of stating the obvious, "all district Courts have an interest in efficiently managing their dockets." *Maloney at 513, citing In re Adelphia*, 2003 U.S. Dist. LEXIS at *15. If discovery in this matter proceeds before the criminal matter is resolved, the

Court can be virtually assured of protracted litigation over the proper scope of the civil discovery. In Judge Jordan's view in *Maloney*, "[i]f the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case." *Maloney, supra, at 513*.

Judge Jordan made one other observation that bears repeating here. The criminal case will be resolved. Parties to this case may be absolved or they may be imprisoned. Whatever happens, the landscape will definitely be different then than it is now. As Judge Jordan so tactfully put it, "the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case." *Maloney, supra.* The point is no less true in this case.

The interim solution in the other five cases was to stay discovery. We respectfully submit that it makes complete sense here as well.

### F. The Public Interest.

Judge Jordan fairly recognized that "a stay in this case would benefit the public by allowing criminal prosecution of the Defendants, who are public officials, to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case." *Id.*

While we mean no disrespect to the quality of plaintiff's claim (this is not the time for that discussion), it must be noted that the grievance is intensely personal to the plaintiff. The criminal matter, on the other hand, covers the gamut from improper electioneering to spying on County employees. It is -- and has been -- the subject of intense media coverage in the community. Defendants Gordon and Freebery need to

have their day in Court on these criminal charges. The public interest – and justice itself – is ill served by forcing them to defend this case civilly even as they stand trial in the criminal case. The public's interest is in seeing the right result reached after a fair process. Allowing the plaintiff to go forward in this matter, under these circumstances, does not present a fair process and any result reached will always remain suspect.

### II. A MOTION TO STAY IS A RESPONSIVE PLEADING AND, AS SUCH, SHOULD POSTPONE THE TIMELY FILING OF AN ANSWER UNTIL ITS RESOLUTION.

Motions to stay are considered responsive pleadings in lieu of answers. *First Citizens Mun. Corp. v. Pershing Div. of Donaldson, Lufkin & Jenrette Secs. Corp.*, 546 F. Supp. 884, 886, n.1 (N.D. Ga. 1982). Although a motion to stay is not specifically enumerated in Rule 12 as a motion that suffices as a responsive pleading, Wright and Miller have placed motions to stay proceedings into that category of motions "closely related to the management of the lawsuit ... involving matters of judicial administration." *Wright and Miller, Civil Practice and Procedure* § 1360 at 634. The Court's "authority to hear these motions lies in the inherent power of a court to regulate actions pending before it." *Id.* Because the present motion is to be regarded as a responsive pleading, Gordon and Freebery should not be required to file an answer at least until the resolution of the present motion to stay.

Additionally, the filing of an answer should be delayed in order to avoid Fifth Amendment privilege issues. Since "it is possible for an answer in a civil proceeding to be self-incriminatory," *Wright and Miller, Federal Practice & Procedure* §1380 at p. 702 (3d ed. 2004), requiring an answer before decision on the stay motion would have the potential effect of causing the very harm defendants seek to avoid by moving for a stay in

-10-

the first place. If this motion is granted, the filing of an Answer would be postponed until after the criminal case is resolved. Once that has occurred, however, the Court may expect a genuinely responsive pleading, absent any Fifth Amendment assertions.

### III. DEFENDANTS CHRISTOPHER COONS, DAVID W. SINGLETON AND NEW CASTLE COUNTY SHOULD NOT BE REQUIRED TO ANSWER UNTIL AFTER THE RESOLUTION OF THE CRIMINAL TRIAL.

Defendants Christopher Coons and David Singleton are the current County Executive and Chief Administrative Officer, respectively, of defendant New Castle County. These parties are sued not for anything they have done to plaintiff, but rather solely "for injunctive relief and attorney fees" which, of course, assumes that plaintiff is entitled to same due to whatever defendants Gordon and Freebery purportedly did to him. The liability of the remaining defendants is thus completely dependent upon any liability found as to Gordon and Freebery.

In *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995), the district court found that a complete stay was required because the individual defendants, who may invoke their Fifth Amendment rights, were the central figures in the allegations. The court held that, because of the importance of the testimony of the individual defendants and the overlap of issues between the civil and criminal cases, a partial stay would lead to duplicative discovery. *See also SEC v. Downe*, 1993 U.S. Dist. LEXIS 753 at *51 (S.D.N.Y. Jan. 26, 1993) (granting complete rather than partial stay because it involved "central figure" and "partial stay would likely result in additional expenses for the parties without expediting the discovery process.")

To say that Gordon and Freebery are the "central figures" in plaintiff's complaint would be a gross understatement. The remaining defendants are at most bystanders in this litigation. The remaining defendants cannot investigate the claims or prepare even a barebones defense while Gordon and Freebery are embroiled in their federal criminal proceedings, privileged as they are not to speak to anyone concerning their years in County government. To require the remaining defendants to answer the complaint and proceed with discovery would be to exalt form over substance. The conclusion is inescapable that if the case against Gordon and Freebery must be stayed, the remainder of the case involving the other defendants must also be stayed until the criminal matter is concluded.

## CONCLUSION

For all of the foregoing reasons, the defendants respectfully request that the Court grant the motion to stay and extend the time for filing an Answer until the resolution of the pending motion.

                              CHARLES E. BUTLER,
                              ATTORNEY AT LAW

                              /s/ Charles E. Butler
                              Charles E. Butler (Bar I.D. 2349)
                              1224 N. King Street
                              Wilmington, DE 19801
                              (302) 655-4100
                              Attorney for Defendants

DATED:     May 31, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS S. NEUBERGER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THOMAS P. GORDON, individually; : <br> SHERRY FREEBERY, individually; : <br> CHRISTOPHER COONS, in his official : <br> capacity as County Executive; : <br> DAVID W. SINGLETON, in his official : <br> Capacity as Chief Administrative Officer; : <br> and NEW CASTLE COUNTY, a municipal : <br> Corporation, : <br> Defendants. : | C.A. No. 05-916-TNO |

## CERTIFICATE OF SERVICE

I, Charles E. Butler, Esquire, hereby certify that on this 31st day of May 2006, I caused two copies of the attached Motion for Stay of The Proceedings and Opening Brief of All Defendants In Support of Their Motion for a Stay of Proceedings to be served via hand delivery to:

Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
2 East Seventh Street, Ste. 302
Wilmington, DE 19801

*/s/ Charles E. Butler*
CHARLES E. BUTLER

-13-