IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS S. NEUBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-916-TNO |
| | ) | |
| THOMAS P. GORDON, individually; | ) | |
| SHERRY FREEBERY, individually; | ) | |
| CHRISTOPHER A. COONS, in his official | ) | |
| capacity as County Executive; DAVID W. | ) | |
| SINGLETON, in his official capacity as | ) | |
| Chief Administrative Officer; and NEW | ) | |
| CASTLE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS GORDON AND FREEBERY'S
OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

CHARLES E. BUTLER, ESQUIRE

*/s/ Charles E. Butler*
Charles E. Butler, Esquire (Bar I.D. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com

*Attorneys for Defendants Thomas P. Gordon and
Sherry Freebery*

Dated: March 24, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................II

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1

ARGUMENT .......................................................................................................................3

   I.   THE ABSENCE OF AN EFFECTIVE REMEDY LEAVES THE COURT WITHOUT JURISDICTION TO ADJUDICATE PLAINTIFF'S CLAIMS ......................3

      A.   The Absence of a Present Injury In Fact Renders Plaintiff Without Standing to Maintain This Lawsuit ...................................................................3

      B.   The Absence of an Effective Remedy Renders Plaintiff's Claims Moot ........................5

         1.   Defamation Damages Are Unavailable Under Section 1983.......................................7

         2.   Injunctive Relief Is Unavailable Where There Is No Wrongful Conduct to Enjoin...........................................................................................................8

         3.   Declaratory Relief Is Unavailable Where the Complained-of Conduct Has Already Occurred........................................................................................9

   II.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THE LAW IN THE AREAS IN DISPUTE ARE "MURKY" AT BEST..................................................................................................10

      A.   Qualified Immunity Is Appropriate Because There Was No Violation of Any Constitutional Right....................................................................................11

      B.   Qualified Immunity Is Appropriate Because Plaintiff Cannot Present Evidence of a Clearly Established Right at the Time of the Alleged Adverse Actions ...............12

         1.   The Individual Defendants Are Entitled to Qualified Immunity for Plaintiff's First Amendment Retaliation Claims........................................................13

         2.   The Individual Defendants Are Entitled to Qualified Immunity on Plaintiff's Fourteenth Amendment Privacy Claim ...................................................14

CONCLUSION.....................................................................................................................16

## TABLE OF AUTHORITIES

**Cases**

A.P. Boyd, Inc. v. Newark Pub. Sch.,
    44 Fed. Appx. 569 (3d Cir. 2002)................................................................. 5, 6

Artway v. Att'y Gen. of N.J., 81 F.3d 1235 (3d Cir. 1996)...................................... 3

Baker v. Carr,
    369 U.S. 186 (1962).................................................................................. 4, 7

Bechtold v. Willingboro Bd. of Educ.,
    No. 90-3785-CSF,
    1992 U.S. Dist. LEXIS 18349 (D.N.J. Oct. 19, 1992)................................ 7

Bennett v. Murphy,
    274 F.3d 133 (3d Cir. 2002) ........................................................................ 11

Blake v. Minner,
    No. 07-125-JJF,
    2007 U.S. Dist. LEXIS 32819 (D. Del. May 1, 2007)................................ 8

C.N. v. Ridgewood Bd. of Ed.,
    430 F.3d 159 (3d Cir. 2005) ........................................................................ 15

Cameron v. Seitz,
    38 F.3d 264 (6th Cir. 1994) ......................................................................... 12

Chapin Furniture Outlet, Inc. v. Town of Chapin,
    No. 06-2129,
    2007 U.S. App. LEXIS 25378 (4th Cir. Oct. 30, 2007) .......................... 5, 8

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983)......................................................................................... 4

Crawford v. Carroll,
    No. 05-815-SLR,
    2006 U.S. Dist. LEXIS 50998 (D. Del. Feb. 10, 2006) ............................ 8

Doe v. Boro of Jenkintown,
    No. 95-0262,
    1995 U.S. Dist. LEXIS 19226(E.D. Pa. Dec. 27, 1995)............................ 7

Doe v. Boro of Jenkintown,
    No. 95-0262,
    1995 U.S. Dist. LEXIS 19226,(E.D. Pa. Dec. 27, 1995)........................... 7

DB02:6683486.1                                                                                      045581.1053

Doe v. Delie,
    257 F.3d 309 (3d Cir. 2001) ................................................................................. 15

Doe v. Wigginton,
    21 F.3d 733 (6th Cir. 1994) ................................................................................. 15

Donovan v. Punxsutawney Area Sch. Bd.,
    336 F.3d 211 (3d Cir. 2003) ................................................................................. 6

Field v. County of La Paz,
    No. 99-15524,
    2000 U.S. App. LEXIS 127153 (9th Cir. June 2, 2000). ..................................... 8

Gallis v. Bott,
    No. 05-551,
    2006 U.S. Dist. LEXIS 72091 (M.D. Pa. Oct. 3, 2006) ..................................... 14

Ghaly v. Simsarian
    No. 04-1779,
    2006 U.S. Dist. LEXIS 83436 (D. Conn. Nov. 17, 2006). ................................. 4

Grant v. City of Pittsburgh,
    98 F.3d 116 (3d Cir. 1996) ................................................................................. 12

Green v. Branson,
    108 F.3d 1296 (10th Cir. 1997) ........................................................................... 9

Gruenke v. Seip,
    225 F.3d 290 (3d Cir. 2000) ............................................................................... 15

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ........................................................................................... 11

Hewitt v. Helms,
    482 U.S. 755 (1987) ............................................................................................. 9

Hope v. Pelzer,
    536 U.S. 730 (2002) ........................................................................................... 12

Hynson v. City of Chester,
    827 F.2d 932 (3d Cir. 1987) ......................................................................... 10, 13

Iron Arrow Honor Soc'y v. Heckler,
    464 U.S. 67 (1983) ............................................................................................... 5

Kelly v. Borough of Sayerville,
    107 F.3d 1073 (3d Cir. 1997) ............................................................................... 7

DB02:6683486.1                                                                                                          045581.1053

Larsen v. Senate of the Commonwealth,
   154 F.3d 82 (3d Cir. 1998) .................................................................................. 10, 12

Lewis v. Williams,
   No. 05-103-GMS,
   2006 U.S. Dist. LEXIS 8444 (D. Del. Mar. 6, 2006) .......................................... 8

Lozano v. City of Hazelton,
   496 F. Supp. 2d 471 (M.D. Pa. 2007) ................................................................... 5

McKee v. Hart,
   436 F.3d 165 (3d Cir. 2006) ................................................................................. 12

O'Shea v. Littleton,
   414 U.S. 488 (1974) ............................................................................................... 8

Paulson v. Carter,
   No, 04-1501, 2006 U.S. Dist. LEXIS 10040 (D. Or. Feb. 16, 2006),
   aff'd,  230 Fed. Appx. 645 (9th Cir. 2004) ........................................................... 8

Policastro v. Kontogiannis,
   No. 06-1471,
   2008 U.S. App. LEXIS 1387, at *8 (3d Cir. Jan. 24, 2008). ............................ 3, 6

Powell v. McCormack,
   395 U.S. 486 (1969) ............................................................................................... 6

Preiser v. Newkirk,
   422 U.S. 395 (1975) ............................................................................................... 5

Puricelli v. Borough Morrisville,
   820 F. Supp. 908 (E.D. Pa. 993) ........................................................................... 7

Rappa v. Hollins,
   991 F. Supp. 367 (D. Del. 1997) ..................................................................... 13, 14

Rhodes v. Stewart,
   488 U.S. 1 (1988) ................................................................................................... 9

Saucier v. Katz,
   533 U.S. 194 (2001) ............................................................................................. 10

Seven Words LLC v. Network Solutions,
   260 F.3d 1089 (9th Cir. 2001) ............................................................................. 10

Sherwood v. Mulvihill,
   113 F.3d 396 (3d Cir. 1997) ........................................................................... 10, 13

iv

Siegert v. Gilley,
     500 U.S. 226 (1991) ........................................................................................... 10

Sorrentino v. City of Phila.,
     No. 99-6604,
     1997 U.S. Dist. LEXIS 14564 (E.D. Pa. Sept. 16, 1997) ...................................... 7

Sterling v. Borough of Minersville,
     232 F.3d 190 (3d Cir. 2000) ............................................................................... 15

Sturm v. Clark,
     835 F.2d 1009 ........................................................................................................ 7

Taliaferro v. Darby Twp. Zoning Bd.,
     458 F.3d 181 (3d Cir. 2006) ................................................................................. 4

U.S. v. Munsingwear, Inc.,
     340 U.S. 36 (1950) ................................................................................................. 5

United States v. Hayes,
     515 U.S. 737 (1995) ............................................................................................... 4

United States v. Westinghouse Elec. Corp.,
     638 F.2d 570 (3d Cir. 1980) ............................................................................... 14

Utah Animal Rights Coal. v. Salt Lake City Corp.,
     371 F.3d 1248, 1263 (10th Cir. 2004) ........................................................... 3, 8, 9

Weaver v. Wilcox,
     650 F.2d 22 (3d Cir. 1981) .................................................................................... 5

Wilson v. Layne,
     526 U.S. 603 (1999) ............................................................................................. 12

**Statutes**

42 U.S.C. § 1983 .......................................................................................................... 7

**Other Authorities**

U.S. Const. art. III, §2 .................................................................................................. 5

DB02:6683486.1                                                                                                045581.1053

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Thomas S. Neuberger, Esquire, filed this lawsuit on December 29, 2005.[1] Subsequently, two of the named defendants were criminally indicted and the matter was stayed pending resolution of the charges.[2] The Court lifted the stay with the consent of the parties, on January 4, 2008.[3] The parties agreed to a briefing schedule with the understanding that Defendants intended to move for dismissal.[4]

Plaintiff's Complaint names five defendants.[5] The Municipal Defendants include New Castle County ("NCC" or the "County"), current County Executive Christopher A. Coons and Chief Administrative Officer ("CAO") David L. Singleton (the "Incumbent Defendants") (collectively, the "County Defendants"). The Incumbent Defendants, despite not having been in office at the time relevant to this suit are named in their official capacities.

Thomas P. Gordon and Sherry L. Freebery are named in their individual capacities (the "Individual Defendants").[6] The Individual Defendants held the offices of County Executive and CAO during all times relevant to this matter (the "Gordon Administration"). Plaintiff alleges that only the Individual Defendants had any personal involvement in the conduct at issue.

Plaintiff's Complaint consists of six Counts, including four federal constitutional claims and two state law tort claims. Count One alleges a violation of the Right to Privacy and is

---

[1] (D.I. 1).

[2] (D.I. 15) (Staying the case on June 26, 2006).

[3] (D.I. 20, 21).

[4] (D.I. 23, 24).

[5] (D.I. 1).

[6] (D.I. 1 at ¶¶ 4-5).

a right-to-privacy claim brought pursuant to the Fourteenth Amendment.[7]  Counts Two, Three, and Four allege First Amendment retaliation.[8]  Counts Five and Six assert claims of defamation and invasion of privacy under Delaware common law.[9]

The County Defendants jointly filed a Motion to Dismiss and Opening Brief in Support Thereof, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]  The Individual Defendants have subsequently filed a separate Motion to Dismiss on the ground of qualified immunity.  This is the Opening Brief in Support of that Motion.  This brief adopts and incorporates by reference the facts and arguments as set forth in the County Defendants' Motion and Supporting Brief.

---

[7] (D.I. 1 at ¶¶ 104-05).

[8] Each of the three Counts allege a different right derivative of the First Amendment, including in order, the right to Free Association (D.I. 1 at ¶¶ 106-08), the right to Free Speech (D.I. 1 at ¶¶ 109-11), and the right to Petition (D.I. 1 at ¶¶ 112-14).  Each of these claims are subject to an identical analysis in accordance with the body of law addressing claims of First Amendment retaliation.

[9] (D.I. 1 at ¶¶ 115-16; 117-41).

[10] (D.I. 26).

2

## ARGUMENT

### I. THE ABSENCE OF AN EFFECTIVE REMEDY LEAVES THE COURT WITHOUT JURISDICTION TO ADJUDICATE PLAINTIFF'S CLAIMS

The Court is without jurisdiction over the claims asserted in Plaintiff's Complaint. Plaintiff has requested various forms of relief, including injunctive and declaratory relief, as well as non-economic defamation damages. Plaintiff does not seek damages.[11] This Court has no authority to provide these forms of relief.

There is no conduct to be enjoined; the Individual Defendants have been out of office for more than three years and Plaintiff does not allege that the conduct survived the new Administration. Further, declaratory relief cannot be used merely as an "I-told-you-so" trophy declaring that Plaintiff was right and Defendants were wrong.[12] His claims, therefore, are non-justiciable because, even if meritorious, they cannot be redressed.[13] The Court has no jurisdiction over claims for which there is no remedy.

### A. The Absence of a Present Injury In Fact Renders Plaintiff Without Standing to Maintain This Lawsuit

To bring and maintain a lawsuit through adjudication, Plaintiff must have standing.[14] The three elements necessary to establish the "irreducible constitutional minimum" of standing are: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest, which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct

---

[11] (D.I. 1 at ¶° 86).

[12] See Utah Animal Rights Coal. v. Salt Lake City Corp., 371 F.3d 1248, 1263 (10th Cir. 2004) (McConnell, J., concurring).

[13] Policastro v. Kontogiannis, No. 06-1471, 2008 U.S. App. LEXIS 1387, at *8 (3d Cir. Jan. 24, 2008).

[14] See, e.g., Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1246 (3d Cir. 1996).

complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[15]

Plaintiff cannot allege that he suffered an injury to a legally protected interest because his constitutional rights were never actually restrained or curtailed.[16]  "While the loss of precious First Amendment freedoms even briefly can constitute irreparable harm," Plaintiff's Complaint affirmatively demonstrates that his speech has not been stifled.[17]  In fact, his allegations demonstrate that Plaintiff has continued to campaign against the wrongdoings in local government.  These allegations show that there has been no chilling effect on Plaintiff's speech. Plaintiff admits that he has continued to engage in political speech and association in the scope of providing legal representation to his clients.  Thus, Defendants' conduct cannot be said to have had a chilling effect on Plaintiff's constitutional interests.[18]

Further, there is no real or immediate threat of injury in the future.[19]  The alleged wrongdoers, the Individual Defendants, have been out of public office since 2004 and are, therefore, unable to take any action on behalf of the government to harm Plaintiff.  Plaintiff does not allege that the current administration has continued the conduct in any respect.  Thus, there is no reasonable possibility that the challenged official conduct could occur and, as a result, there is no "actual or imminent" risk of injury to Plaintiff.

---

[15] Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citing United States v. Hayes, 515 U.S. 737, 742-43 (1995)).

[16] Ghaly v. Simsarian No. 04-1779, 2006 U.S. Dist. LEXIS 83436, at *23 (D. Conn. Nov. 17, 2006).

[17] Id.

[18] Id.

[19] City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

4

Plaintiff has requested declaratory and injunctive relief, as well as damages for harm caused by the "defamatory nature" of Defendants' speech. Damages for defamation are not recoverable in this § 1983 claim. Nor can injunctive relief be awarded where, as here, there is no ongoing unlawful conduct to be enjoined. Declaratory judgments will not be issued simply to announce that the claimant is "the winner." Thus, even if Plaintiff's claims were meritorious, the Court would be unable to award any effective remedy. Because a favorable decision by the Court would not provide relief to Plaintiff, he lacks standing to sue.[20]

**B. The Absence of an Effective Remedy Renders Plaintiff's Claims Moot**

Plaintiff is without standing in this matter because he has not "suffered some actual injury that can be redressed by a favorable decision" of this Court.[21] But whether there was a live controversy at the time the Complaint was filed is not dispositive to this analysis—an actual controversy must exist at *all* stages of the proceedings.[22] Where there exists no effective relief that could be granted by the Court, there is no longer a continuing case or controversy.[23]

---

[20] Lozano v. City of Hazelton, 496 F. Supp. 2d 477, 491 (M.D. Pa. 2007) (finding that the plaintiffs lacked standing where their businesses had already closed and, therefore, would have had no redress from a favorable decision); see also Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70-71 (1983) (the injury must be able to be redressed by a favorable decision).

[21] Chapin, 2007 U.S. App. LEXIS 25378, at *11 (3d Cir. Oct. 30 , 2007) (citing Iron Arrow Honor Soc'y v. Heckler, 463 U.S. 67, 70-71 (1983)); U.S. Const. art. III, §2.

[22] DeFunis v. Odegaard, 416 U.S. 312, 319 (1974) (*per curiam*); U.S. v. Munsingwear, Inc., 340 U.S. 36 (1950); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); Policastro, (explaining that, whereas the standing inquiry asks whether the plaintiff had a lawful basis upon which to initially bring his claim, the mootness inquiry asks whether his standing continues throughout the litigation.

[23] A.P. Boyd, Inc. v. Newark Pub. Sch., 44 Fed. Appx. 569, 572 (3d Cir. 2002).

When a case or controversy ceases to exist, the litigation becomes moot and the federal court no longer possesses jurisdiction to proceed.[24]

"The court's ability to grant effective relief lies at the heart of the mootness doctrine."[25] "That is, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[26] As the Third Circuit explained earlier this year, "the crucial question is whether granting a present determination of the issues offered will have some effect in the real world."[27]

The publication of the Responsive Ads was an isolated occurrence, which Plaintiff does not allege will reoccur. Plaintiff does not seek damages. Instead, he seeks injunctive and declaratory relief, neither of which are available where the alleged harm has ceased, and non-economic defamation damages, which are unavailable under § 1983. Hence, none of the requested forms of relief can be awarded. Accordingly, whether or not Plaintiff had standing to bring this claim initially, his claims are now moot.[28]

---

[24] See, e.g., Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969) (explaining that litigation becomes moot when a case or controversy ceases to exist, thereby stripping the court of jurisdiction); Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 226 (3d Cir. 2003) (internal citations omitted) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.").

[25] Id.

[26] Id.; see also A.P. Boyd, Inc., 44 Fed. Appx. at 572.

[27] Policastro, 2007 U.S. App. LEXIS 12347, at *11 (quoting Utah Animal Rights Coal., 371 F.3d at 1256 (internal citations omitted).

[28] Id., at *9.

6

### 1. Defamation Damages Are Unavailable Under Section 1983

Presently, there is no available remedy that would redress Plaintiff's claims. Plaintiff does not request economic damages.[29]  Instead, he seeks non-economic compensatory damages as relief for "humiliation, injury to his reputation, and garden variety emotional distress."[30]  These "harms" he alleges are nothing more than classic defamation injuries, which are not recoverable under § 1983.[31]

The courts of this Circuit have long held that defamation and damage to reputation are not interests subject to the constitutional protections of § 1983.[32]  This Court has consistently rejected attempts to convert plain vanilla state tort claims, such as defamation and

---

[29] (D.I. 1 at ¶° 86).

[30] (D.I. 1 at ¶° 86); (D.I. 1 at 23(C)).

[31] See (D.I. 1 at ¶¶° 55-57) (claiming hurt, wounded, distressed, shocked, anguished, stunned, appalled, floored, taken aback, offended, traumatized, scandalized and otherwise outraged; have injured and tend to injure Plaintiff's reputation in the popular sense; diminish the esteem, respect, goodwill or confidence in which Plaintiff was previously held as well as excite adverse, derogatory or unpleasant feelings or opinions against him; have harmed Plaintiff's reputation and lowered him in the estimation of the community or deterred third persons from associating or dealing with him)

[32] See Kelly v. Borough of Sayerville, 107 F.3d 1073, 1078 (3d Cir. 1997); Sturm v. Clark, 835 F.2d 1009 (3d Cir. 1987) (dismissing plaintiff-attorney's complaint alleging that certain directives imposed by defendant that restricted her practice at a federal correctional institution damaged her reputation);  Doe v. Boro of Jenkintown, No. 95-0262, 1995 U.S. Dist. LEXIS 19226, at *5 (E.D. Pa. Dec. 27, 1995) (citing Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1993), cert. denied, 467 U.S. 1259 (1984); Sorrentino v. City of Phila., No. 99-6604, 1997 U.S. Dist. LEXIS 14564, at *16 (E.D. Pa. Sept. 16, 1997) ("A claim of defamation does not amount to a claim under 42 U.S.C. § 1983.  An individual cannot claim a constitutionally protected interest in his or her reputation.  There is no constitutional liberty interest in one's reputation.  A claim that is essentially a state law defamation claim cannot constitute a claim for violation of one's federal constitutional rights"); Puricelli v. Borough Morrisville, 820 F. Supp. 908 (E.D. Pa. Apr. 16, 1993) (holding that "the singular fact that statements were made by local officials does not elevate a defamation claim to constitutional status under federal law for purposes of 42 U.S.C. § 1983 liability"); Bechtold v. Willingboro Bd. of Educ., No. 90-3785-CSF, 1992 U.S. Dist. LEXIS 18349, at *4 (D.N.J. Oct. 19, 1992) ("One cannot pursue a federal constitutional claim for defamation and damage to one's reputation.  These types of interests are not protected under the United States Constitution and do not amount to federal constitutional claims cognizable under 42 U.S.C. § 1983).

slander, into federal constitutional claims under the guise of § 1983.[33]  Plaintiff cannot avoid the preclusive effect of this expansive body of binding precedent by alleging that the defamation occurred in retaliation for the exercise of his First Amendment rights.[34]  This form of relief is not available in the present matter.

### 2. Injunctive Relief Is Unavailable Where There Is No Wrongful Conduct to Enjoin

Just as Plaintiff's request for defamation-based damages is unsustainable, so is his request for injunctive relief.  The Individual Defendants, the only alleged wrongdoers, have been out of office since January 2005.  Plaintiff does not allege that the complained-of publication continued past the end of the Gordon Administration.  Nor does he claim that the effects of the alleged conduct are continuing.

Past exposure to illegal conduct does not in itself show a present case or controversy for the purposes of assessing a claim for injunctive relief.[35]  Because the conduct and its effects have ceased entirely, injunctive relief here is "meaningless since the State action sought to be enjoined has irretrievably occurred."[36]  Put differently, there is no action for the Court to enjoin.  Thus, Plaintiff's claims for injunctive relief are moot.[37]

---

[33] Blake v. Minner, No. 07-125-JJF, 2007 U.S. Dist. LEXIS 32819, at *7 (D. Del. May 1, 2007) ("Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983"); Lewis v. Williams, No. 05-103-GMS, 2006 U.S. Dist. LEXIS 8444, at *13 (D. Del. Mar. 6, 2006) (same); Crawford v. Carroll, No. 05-815-SLR, 2006 U.S. Dist. LEXIS 5099, at *8 (D. Del. Feb. 10, 2006) (same).

[34] Paulson v. Carter, No, 04-1501, 2006 U.S. Dist. LEXIS 10040, at *21 (D. Or. Feb. 16, 2006), aff'd, 230 Fed. Appx. 645 (9th Cir. 3004); see also Field v. County of La Paz, No. 99-15524, 2000 U.S. App. LEXIS 12715, at *12-13 (9th Cir. June 2, 2000).

[35] O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

[36] See Utah Animal Rights Coal., 71 F.3d at 1263 (McConnell, J., concurring).

[37] Chapin Furniture Outlet, Inc. v. Town of Chapin, No. 06-2129,  2007 U.S. App. LEXIS 25378, at *11 (4th Cir. Oct. 30, 2007) (explaining that, where the complained of activity has been eliminated, claims for injunctive and declaratory relief become moot).

### 3.  Declaratory Relief Is Unavailable Where the Complained-of Conduct Has Already Occurred

Plaintiff seeks a declaratory judgment against the Individual Defendants and the County for their alleged speech.[38]  But the complained-of conduct, the publication of "defamatory information," has already occurred.  Because the alleged harm has already occurred and is not alleged to have continued, declaratory relief "would amount to no more than an advisory opinion regarding the 'wrongfulness' of past conduct."[39]  The Supreme Court has consistently held "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them."[40]

Plaintiff may not seek declaratory relief simply to achieve the moral satisfaction of a judicial ruling that he was right and Defendants were wrong.[41]  The Court has provided further guidance on this point:

> In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct.  Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any action. The real value of the judicial pronouncement—what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*[42]

---

[38] (D.I. 1 at 23(B)).

[39] Policastro, 2007 U.S. App. LEXIS 12347, at *11 (citing Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) ("[A party's] 'legal interest' must be more than simply the satisfaction of a declaration that a person was wronged.")

[40] See, e.g., Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotation omitted).

[41] Utah Animal Rights Coal., 71 F.3d at 1263.

[42] Rhodes v. Stewart, 488 U.S. 1, 3-4 (1988) (quoting Hewitt v. Helms, 482 U.S. 755, 761 (1987)) (emphases in original).

Thus, Plaintiff's request for a declaratory judgment is, as a matter of law, unsustainable. Further supporting this conclusion is Plaintiff's decision not to assert a claim for damages. A request for damages will generally save a case from becoming moot when equitable relief no longer provides an effective remedy, but courts will not read a claim for damages into a complaint that contains no such request. Here, Plaintiff did not simply fail to request damages—he expressly disclaimed any such request.[43] Accordingly, where Plaintiff has not sought damages, and the Court is "unable to afford him meaningful alternative relief, his claim that Defendants' publication of the Responsive Ads violated his First Amendment right to free speech is moot.[44]

## II.  THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THE LAW IN THE AREAS IN DISPUTE ARE "MURKY" AT BEST

Plaintiff has failed to carry his burden of establishing that the Individual Defendants violated a clearly established constitutional right.[45] The Court employs a two-part inquiry to determine whether the Individual Defendants are entitled to qualified immunity. First, it looks to whether the alleged conduct did, in fact, violate a constitutional right.[46] If no constitutional violation is established, the inquiry ends.[47] If a violation occurred, the court must

---

[43] (D.I. 1 at ¶° 86); See Seven Words LLC v. Network Solutions, 260 F.3d 1089, 1097 (9th Cir. 2001) (holding claims moot where appellant sought only injunctive and declaratory relief but failed to request damages).

[44] Policastro, 2007 U.S. App. LEXIS 12347, at *13.

[45] See, e.g., Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) ("Where a defendant asserts a qualified immunity defense in a motion for summary judgment, the plaintiff bears the initial burden of showing that the defendant's conduct violated some clearly established statutory or constitutional right"); Hynson v. City of Chester, 827 F.2d 932, 934 (3d Cir. 1987).

[46] Siegert v. Gilley, 500 U.S. 226, 232 (1991); Larsen v. Senate of the Commonwealth, 154 F.3d 82, 86 (3d Cir. 1998) ("when a qualified immunity defense is raised a court first should determine whether the plaintiff has asserted a violation of a constitutional right at all").

[47] See Saucier v. Katz, 533 U.S. 194, 201 (2001).

next ask, "in the factual scenario established by the plaintiff, would a reasonable officer have understood that his actions were prohibited."[48]

The Individual Defendants are exempt from suit under the first prong of the qualified immunity analysis. As set forth above, the Complaint fails to allege the violation of any constitutionally protected right.

### A. Qualified Immunity Is Appropriate Because There Was No Violation of Any Constitutional Right

The Individual Defendants are exempt from suit under the first prong of the qualified immunity analysis. As set forth in County Defendants' Opening, as adopted and incorporated by reference herein, the Complaint fails to allege a violation of any constitutional right. Defendants engaged in constitutionally protected activity by creating the Responsive Ad. Protected conduct cannot serve as the basis for liability and, as such, there has been no violation under the First Amendment for the alleged publication.

Similarly, there has been no violation of Plaintiff's Fourteenth Amendment Right to Privacy. Plaintiff disclosed the information to his co-counsel, a third party. His co-counsel then disclosed the information to others, including counsel for the defendants in the Reyes Matter. Plaintiff's initial disclosure to his co-counsel broke the chain of protections offered by the Fourteenth Amendment. Liability for any subsequent disclosures by Haverly, the co-counsel, can be imputed only to Haverly himself. Plaintiff has no claim against the Individual Defendants for a breach of his privacy rights.

---

[48] Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

11

**B. Qualified Immunity Is Appropriate Because Plaintiff Cannot Present Evidence of a Clearly Established Right at the Time of the Alleged Adverse Actions**

Even if the Court were to find a violation of Plaintiff's constitutional rights, the Individual Defendants would nevertheless enjoy qualified immunity. The second prong of the qualified immunity analysis asks whether the right was clearly established at the time of the adverse action.[49] A constitutional right is clearly established only if its contours are sufficiently clear so "that a reasonable official would understand that what he is doing violates that right."[50]

This standard requires that there was, "sufficient precedent at the time of the action, factually similar to the plaintiff's allegations," to put Defendants on notice that the conduct is constitutionally prohibited.[51] Thus, this inquiry "must be undertaken *in light of the specific context of the* case, not as a broad general proposition."[52] "The question of whether a reasonable public official would have known that his or her *specific conduct* violated clearly established rights."[53] "If officials of reasonable competence objectively could disagree on the law, immunity should be recognized."[54] At this stage of the analysis, Plaintiff

---

[49] Larsen, 154 F.3d at 87.

[50] See, e.g., Wilson v. Layne, 526 U.S. 603, 615 (1999) (quotations omitted).

[51] McKee v. Hart, 436 F.3d 165, 171 (3d Cir. 2006).

[52] Id. (quotation omitted) (emphasis in the original) (quoted in McGovern, 2007 U.S. Dist. LEXIS 72591, at *46) (granting qualified immunity because the plaintiff failed to meet his burden where the only case law he cited stood for the proposition that the right to be free from retaliation for filing protected petitions is clearly established); see also Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("in light of pre-existing law, the unlawfulness [of the alleged conduct] must be apparent).

[53] Johnson, 2007 U.S. Dist. LEXIS 42465, at *35 (quoting Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996) (emphasis in original).

[54] Cameron v. Seitz, 38 F.3d 264, 272 (6th Cir. 1994) (internal citations omitted).

has the burden to come forward with evidence that Defendant's conduct violated some clearly established constitutional right.[55]

The rights at issue in the present case are:  (1) the right of a public official to respond to criticisms and accusations made against them to the news media and press by a plaintiff's civil-rights attorney if the response constituted defamatory speech; and (2) the right to repeat information about an individual's brain tumor where such information was not learned directly form the individual, but from a third party, who may or may not have learned the information directly from the individual.  Neither of these rights were clearly established  violations at the time of the relevant actions.  Therefore, qualified immunity is appropriate and warranted for the Individual Defendants.

> **1.  The Individual Defendants Are Entitled to Qualified Immunity for Plaintiff's First Amendment Retaliation Claims.**

The question presented in this analysis asks whether Plaintiff's "asserted right not to be subjected to defamatory remarks in response to exercising his First Amendment rights was clearly established."[56]  The United States District Court in the District of Delaware has already answered this exact question with a resounding, "no."[57]  In Rappa v. Hollins, this Court was faced with a plaintiff who alleged a claim of First Amendment retaliation, alleging that members of County Council had violated his civil rights by making defamatory remarks about him in retaliation for exercising his First Amendment rights.[58]  Like Plaintiff here, Rappa claimed

---

[55] See, e.g., Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997); Hynson v. City of Chester, 827 F.2d 932, 934 (3d Cir. 1987).

[56] Rappa v. Hollins, 991 F. Supp. 367, 379 (D. Del. 1997).

[57] Id.

[58] Id.

damages "including but not limited to injury to his reputation."[59]  In short, Rappa alleged that the unlawful conduct by the defendants consisted of allegedly "false and injurious statements."[60]

The Court engaged in a comprehensive review of the existing case law from this and other circuits.  It concluded without reservation or qualification that, "**Third Circuit cases do not clearly establish such a right**."[61]  <u>Rappa</u> was the not the only case to reach this conclusion.  In a decision last year from this Circuit, the district court held that "there [were] no Third Circuit cases on point" when evaluating a claim for defamatory retaliation.[62]  Because "Third Circuit cases do not clearly establish" the right to be free from retaliatory defamation, the qualified immunity doctrine necessitates the dismissal of the Individual Defendants.

### 2.  The Individual Defendants Are Entitled to Qualified Immunity on Plaintiff's Fourteenth Amendment Privacy Claim

There is no dispute that the right to privacy protects some personal medical information.  But that right is not absolute and it is not unlimited.  The cases of this Circuit make clear that the "contours of the confidentiality branch [of the right to privacy] are murky."[63]  Further, the "full measure of the constitutional protection of the right to privacy has not yet been fully delineated.[64]

Reasonable officials could easily give different meanings to this "murky" area of the law.  For example, the *type* of medical information at issue here adds to the potential

---

[59] <u>Id.</u> at 374.

[60] <u>Id.</u> at 369, n.1.

[61] <u>Id.</u> at 379.

[62] <u>Gallis v. Bott</u>, No. 05-551, 2006 U.S. Dist. LEXIS 72091, at *18 (M.D. Pa. Oct. 3, 2006) (finding that the defendant-public officials had a right to First Amendment right to speak to the media).

[63] <u>Scheetz v. The Morning Call, Inc.</u>, 946 F.2d 202, 206 (3d Cir. 1991).

[64] <u>Weisman v. Buckingham Twp.</u>, No. 04-4719. 2005 U.S. Dist. LEXIS 11696 , at *21 (E.D. Pa. June 14, 2005) (<u>citing</u> <u>United States v. Westinghouse Elec. Corp.</u>, 638 F.2d 570, 577 (3d Cir. 1980).

14

confusion.  The information that Plaintiff claims was disclosed deals with Plaintiff's brain tumor.  As set forth in the County Defendants' Opening Brief, Plaintiff later publicized his medical condition by discussing it at length in interviews with the press.  Thus, he used this medical information to his benefit.

The case law of this Circuit has not addressed this type of "neutral" medical information.[65]  Instead, the cases in this, and other jurisdictions, have dealt with confidential medical information that would be socially stigmatizing or harmful to the plaintiff's reputation.[66]  Certainly, a brain tumor cannot be said to carry the same stigma as, for example, HIV status.[67]  Traditionally, the right to privacy has not been invoked to protect medical information that, in itself, is not harmful to the plaintiff's reputation.

When presented with medical information unaccompanied by social stigmas, Defendants did not act outside any clearly drawn constitutional lines.  The further publication of this information was not, therefore, in violation of any clearly established constitutional right.  Thus, any claim based on the alleged disclosure of Plaintiff's medical information is subject to dismissal pursuant to the doctrine of qualified immunity.

---

[65] Id.; see also C.N. v. Ridgewood Bd. of Ed., 430 F.3d 159, 179 (3d Cir. 2005) (The more intimate or personal, the more justified is the expectation that it will not be subject to public scrutiny).

[66] Sterling v. Borough of Minersville, 232 F.3d 190, 195 (3d Cir. 2000); Westinghouse; see also Gruenke v. Seip, 225 F.3d 290, 302-03 (3d Cir. 2000); Doe v. SEPTA, 72 F.3d 1133, 1137 (3d Cir. 1995).

[67] Doe v. Delie, 257 F.3d 309 (3d Cir. 2001);  Doe v. Wigginton, 21 F.3d 733 (6th Cir. 1994).

**CONCLUSION**

For the reasons set forth in the brief above, Defendants request that their Motion to Dismiss be granted and Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

CHARLES E. BUTLER, ESQUIRE

*/s/ Charles E. Butler*
Charles E. Butler, Esquire (Bar I.D. 2349)
Margaret M. DiBianca
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com

*Attorneys for Defendants Sherry Freebery and Thomas P. Gordon*

Dated:  March 24, 2008

16