## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6666
DIRECT FAX: (302) 576-3345
bwilloughby@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

June 9, 2008

**BY E-FILE & FACSIMILE**

The Honorable Thomas N. O'Neill
Facsimile: (215) 580-2137

      Re:    <u>Neuberger v. Gordon, et al.</u>, C.A. No. 05-916-TNO

Dear Judge O'Neill:

      Please accept this letter as the response of Defendants Christopher A. Coons, David W. Singleton, and New Castle County (collectively, the "County Defendants"), to the Court's Order of May 28, 2008. (D.I. 36). That Order instructed the parties to submit concurrent letter briefs addressing "whether, for the purposes of qualified immunity, the acts of retaliation alleged by plaintiff were within the scope of defendants Gordon and Freebery's official authority as County Executive and Chief Administrative Officer ("CAO"), respectively."[1] (D.I. 36).

      The qualified immunity doctrine was established to limit officials' exposure to litigation. The United States Supreme Court holds that it would be unfair to require public officials to compensate plaintiffs for all constitutional violations, given the sometimes unclear nature of constitutional law.[2] Also, the Supreme Court concluded that public officials will be overdeterred in the performance of their duties if they anticipate that every official action they

---

[1] Pursuant to the Court's Order, the County Defendants' response takes as true the facts alleged in Plaintiff's Complaint to the limited extent required by Rule 12(b)(6). Defendants do not concede the factual accuracy of any portion of Plaintiff's Complaint unless set forth otherwise in their Opening and Reply Briefs In Support of Their Motions to Dismiss.

[2] See Wood v. Strickland, 420 U.S. 308, 319-22 (1975).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Thomas N. O'Neill
June 9, 2008
Page 2

take may lead to a lawsuit.[3] Finally, the Court believes that the litigation of constitutional torts may impose substantial costs on individual officials and on the government itself, even when the trial court ultimately finds that the officials are not liable.[4] Moreover, the doctrine of qualified immunity provides "immunity from suit," rather than a mere defense to liability, further demonstrating the breath of the doctrine.[5]

To state a claim under § 1983 and, in turn, trigger the qualified immunity analysis, a plaintiff must allege the violation of a constitutionally protected right and must show that the alleged deprivation was committed by a person acting under color of state law.[6] The traditional definition of "acting under color of state law" requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[7]

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."[8] A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."[9] It also is "firmly established" that a defendant in a § 1983 suit acts under color of state law when he "abuses the position given to him by the State."[10] Therefore, an official's actions were taken under the "color of state law," despite the allegation that his conduct was in violation of his duties or contrary to the expectations of the office.[11] Further, for the purposes of qualified immunity, the analysis is an

---

[3] Harlow v. Fitzgerald, 457 U.S. 800, 806-07 (1982) (indicating that, without immunity, public officials would be unprotected from undue interference and might not vigorously exercise their official responsibilities).

[4] See id. at 814 (identifying litigation expenses and diversion of attention from important public concerns as costs of denying immunity).

[5] See Mitchell v. Forsyth, 472 U.S. 511, 525-27 (1985).

[6] Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

[7] West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); accord Monroe v. Pape, 365 U.S. 167, 187 (1961) (adopting Classic standard for purposes of § 1983) (overruled in part on other grounds, Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 695-701 (1978)).

[8] Id. at 50.

[9] Id. (citing Parratt v. Taylor, 451 U.S.527, 535-36 (1981)).

[10] West, 487 U.S. at 50.

[11] See Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d Cir. 1995) ("Under color of state law means under 'pretense' of law.") (internal citations omitted).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Thomas N. O'Neill
June 9, 2008
Page 3

objective one.[12] The motivation of the state actors becomes irrelevant if it is determined that the conduct was taken within the scope of their official authority.

"[S]tate employment is generally sufficient to render the defendant a state actor."[13] Yet, as the United States Court of Appeals for the Third Circuit has explained, not all acts of an on-duty state employee are state actions for purposes of § 1983.[14] Although "state employment is generally sufficient to render the defendant a state actor," not all torts "committed by state employees constitute state action, even if committed while on duty."[15] A state employee who pursues purely private motives and whose interaction with the plaintiff is unconnected with the execution of his official duties is not acting under color of the law.[16] In contrast, off-duty officers "who flash a badge or otherwise purport to exercise official authority generally act under the color of law."[17]

Thus, as explained by the Third Circuit, the "essence of a Section 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state."[18] Here, Plaintiff's Complaint alleges that Defendants Gordon and Freebery (the "Individual Defendants"), retaliated against Plaintiff by (1) publishing certain newspaper advertisements; and (2) communicating Plaintiff's medical information without privilege to do so.[19] Both alleged acts are within the scope of their official authority as County Executive and CAO, respectively.

The text of the ads provides information sufficient to conclude, for the purposes of qualified immunity, that they were published by the Individual Defendants in their official capacities. The first line of the ad reads,

> This dissemination of facts is issued by New Castle County, Office of the County Executive. The purpose is to correct the misrepresentations and sensationalism sought by a local attorney who filed suit against New Castle County in July 2002 and now faces motions of dismissal of this suit. To avoid further

---

[12] See Cameron v. Seitz, 38 F.3d 264, 272 (6th Cir. 1994).

[13] Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 n.18 (1982).

[14] Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997).

[15] Id. (internal citations omitted).

[16] Id. (citing Mark, 51 F.3d at 1150 ("An otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state.")).

[17] Id. (citing Rivera v. La Porte, 896 F.2d 691, 696 (2d Cir. 1990)).

[18] Id.

[19] (D.I. 1).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Thomas N. O'Neill
June 9, 2008
Page 4

inaccuracies in reporting, the following facts are issued directly by New Castle County.[20]

Similarly, the last line of the ad states, "Official release from Office of County Executive. Space paid for by Thomas P. Gordon and Sherry L. Freebery."[21] The ads are limited to discussion of the events of the Reyes case, brought against Gordon and Freebery in their official capacities and against the County for acts allegedly committed by the Individual Defendants while executing their official duties.[22] For the purposes of qualified immunity, the alleged publication of the newspaper ad was within the scope of the Individual Defendant official authority.

Similarly, Plaintiff's allegations relating to the supposed dissemination of private medical information demonstrate that any such dissemination was taken while acting within the scope of their official authority. Plaintiff's Complaint alleges that (1) Defendants came to learn of the information as a result of their involvement in the Reyes Matter, in which the County and the Individual Defendants had been sued; (2) the Individual Defendants discussed the information during official County meetings; and (3) Defendants discussed the information with persons "throughout County government."[23] The circumstances of the alleged disclosures demonstrate, for the purposes of qualified immunity, that any such disclosures were made pursuant to their official authorities.

The undersigned has communicated with Charles E. Butler, Esq., who serves as counsel for the Individual Defendants. Mr. Butler has reviewed the foregoing and adopts it as his clients' position. Because he concurs with the position set forth above, the Individual Defendants will not file a separate letter brief but will adopt this response as their own.

Respectfully submitted,

/s/ Barry M. Willoughby

Barry M. Willoughby, Esq. (No. 1019)

BMW:sec

cc: All Noticed Counsel (via CM/ECF Notification)

---

[20] (D.I. 26 at Exhibit 2, p.1).

[21] (D.I. 26 at Ex. 2).

[22] See (D.I. 27 at 13) (further explaining the background and context of the Reyes Matter).

[23] (D.I. 1 at ¶¶ 43, 49, 48).