# THE NEUBERGER FIRM
### ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

THOMAS S. NEUBERGER, ESQUIRE  
STEPHEN J. NEUBERGER, ESQUIRE  
RAEANN WARNER, ESQUIRE

WWW.NEUBERGERLAW.COM  
EMAIL: INFO@NEUBERGERLAW.COM

PHONE: (302) 655-0582  
FAX: (302) 655-9329

June 9, 2008  **Via E-Filing & Fax (215) 580-2137**

The Honorable Thomas N. O'Neill, Jr.
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room # 4007
Philadelphia, PA 19106-1714

RE: **Neuberger v. Gordon, et al., C.A. No. 05-916-TNO (D.Del.)**

Dear Judge O'Neill:

This letter-brief is submitted in response to the Court's May 29, 2008 Order - which asked that the parties address whether for the purposes of qualified immunity, the acts of retaliation alleged by plaintiff were within the scope of defendants Gordon and Freebery's official authority as County Executive and Chief Administrative Officer, respectively. (D.I. 36).

**A. Defendants' Retaliatory Acts Do Not Fall Within the Scope of Their Official Authority.** In the immunity context, "[t]he Supreme Court [has] made clear that determination of the scope of an official's authority depends upon an analysis of the statutes or regulations controlling the official's duties." In re Allen, 106 F.3d 582, 595 (4th Cir. 1997) (citing cases).

The duties of the County Executive and the Chief Administrative Officer are set forth at 9 Del.C. § 1116 and 9 Del.C. § 1121, respectively. As review of both the Delaware Code and the County Code[1] reveals, defendants' retaliatory actions do not fall within the scope of their official authority. First, no reasonable interpretation of these governing statutes can give rise to a claim that the release of plaintiff's personal confidential medical information to the Delaware media and others falls within the scope of any official duty. One simply has nothing to do with the other.

Second, as to the defamatory newspaper attack ads, plaintiff acknowledges that at the time of the events giving rise to this case, the County purchased at least one full page weekly ad in the *Community News* family of newspapers to use for posting public notices required by law, and this was the space appropriated by defendants for their defamatory attack ads. But comparison of the County's regular weekly newspaper announcements with the defamatory attack ads at issue in this case reveals that the latter is far afield from any legitimate purpose and so falls outside the scope of defendants' official duties. Again, the analysis turns on the statutory basis of the public official's authority. See McKibben v. Schmotzer, 700 A.2d 484, 492

---

[1] See http://www.municode.com/Resources/gateway.asp?pid=11287&sid=8 (visited on June 8, 2008).

The Honorable Thomas N. O'Neill, Jr.
June 9, 2008
Page 2

(Pa.Super. 1997) (following careful analysis of the relevant municipal code, holding that a mayor acted outside the scope of her official duties for immunity purposes as to certain defamatory statements made about the police chief).

  **B. Defendants Are Not Entitled to Qualified Immunity.** The Supreme Court has long recognized that under the "functional" approach to immunity law, such protection is to be "extended no further than its justification would warrant." Harlow v. Fitzgerald, 457 U.S. 800, 810-11 (1982). In one of its landmark qualified immunity opinions, the Supreme Court took pains to make clear that qualified immunity only applies to actions which fall within the scope of an official's official duties. "We emphasize that our decision applies only to suits for civil damages arising from actions *within the scope of an official's duties* and in 'objective' good faith." Id. at 819 n.34 (emphasis added); see also Doe v. McMillan, 412 U.S. 306, 319-20 (1973) (the scope of the immunity "should be determined by the relation of the [injury] complained of to the duties entrusted to the officer."); id. at 320 (the "scope of immunity has always been tied to the scope of ... authority." ).

  In sharp contrast, qualified immunity does not apply to unofficial acts. Importantly, the "principal rationale for affording certain public servants immunity from suits for money damages arising out of their official acts is inapplicable to unofficial conduct." Clinton v. Jones, 520 U.S. 681, 692-93 (1997). "[W]e have never suggested that ... any [public] official[ ] has an immunity that extends beyond the scope of any action taken in an official capacity." Id. at 694.

  In accord with these repeated admonitions, numerous courts have recognized that a public official does not receive qualified immunity protection for actions outside the scope of their official authority. See, e.g., In re Allen, 106 F.3d at 594-95;[2] Shechter v. Comptroller of N.Y., 79 F.3d 265, 268 (2d Cir. 1996); Gray v. Bell, 712 F.2d 490, 502 n.36 (D.C.Cir. 1983); Huminski v. Corsones, 396 F.3d 53, 80 (2d Cir. 2005); Merritt v. Mackey, 827 F.2d 1368, 1373 (9th Cir. 1987); Barker v. Norman, 651 F.2d 1107, 1121 (5th Cir. 1981); Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir. 1988); Mackey v. Dyke, 29 F.3d 1086, 1095 (6th Cir. 1994); Rambo v. Daley, 1994 WL 494778, *1 (N.D.Ill. Sept. 8, 1994); Plummer v. Quinn, 2008 WL 199702, *7 n.1 (S.D.N.Y. Jan. 24, 2008); Ajaj v. U.S., 479 F.Supp.2d 501, 507 (D.S.C. 2007); Hixon v. Durbin, 560 F.Supp. 654, 664-65 (E.D.Pa. Mar. 31, 1983); Brocuglio v. Proulx, 478 F.Supp.2d 309, 319-20 (D.Conn. 2007); Rowan County v. Sloas, 201 S.W.3d 469, 487-88 (Ky. 2006).

  "To the extent a defendant acts outside of the scope of her official duties, she is not entitled to qualified immunity." Plummer, 2008 WL 199702, *7 n.1. "It is clear that the scope of authority requirement is a prerequisite to any application of official immunity, whatever the level of protection asserted or the nature of the claim involved." Gray, 712 F.2d at 502 n.36.

---

  [2] Judge Motz's comprehensive opinion concurring in the denial of en banc rehearing is particularly instructive. See In re Allen, 119 F.3d 1129, 1129-34 (4th Cir. 1997).

The Honorable Thomas N. O'Neill, Jr.
June 9, 2008
Page 3

"[A] court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." In re Allen, 106 F.3d at 594. Here, there simply is no proper purpose to justify defendants' retaliatory actions. There is no connection whatsoever between plaintiff's confidential medical condition, the nature of which had only been revealed during a sealed teleconference with the district court and defendants' official duties as County Executive and Chief Administrative Officer. There simply is no "proper purpose" for defendants to gleefully proclaim to the media that plaintiff is dying of a brain tumor.

As to the newspaper ad, plaintiff acknowledges that the County regularly took out full page ads to meet public notice requirements under state law. However, there is no proper purpose for defendants to abandon their duties of giving notice to the public and instead embarking on a completely different course of slandering plaintiff's integrity in newspapers ads, ads which addressed a matter which had been sealed by the district court and subject to Judge Jordan's explicit instructions and warnings that nothing else had better turn up in the media.

It is well established that "[q]ualified immunity does not protect reckless, plainly incompetent or knowing law violators." Cooper v. Merrill, 736 F.Supp. 552, 565 (D.Del. 1990). Here, defendants meet and exceed all of these prerequisites.

**C. Conclusion.** Defendants bear the burden to proffer evidence that their actions fell within the scope of their authority as public officials. In re Allen, 106 F.3d at 594 (the defendant public official bears the burden of proving that the challenged conduct "falls within the scope of the defendant's duties.") (citing cases). Here, it is clear that they have failed to meet their burden of proof. The relevant statutes weigh heavily against them, and defendants have failed to even attempt to create a contradictory factual record, by affidavits or otherwise, in support of their motion. Accordingly, they are not entitled to qualified immunity and this lawsuit must proceed.

I am at the Court's disposal to address these matters further.

Respectfully Submitted,

/s/ Stephen J. Neuberger


cc:     All Counsel (via E-file)

Neuberger/ Letters / O'Neill.02