IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS S. NEUBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-916-TNO |
| | ) |
| THOMAS P. GORDON, individually; | ) |
| SHERRY L. FREEBERY, individually; | ) |
| CHRISTOPHER A. COONS, in his official | ) |
| capacity as County Executive; DAVID W. | ) |
| SINGLETON, in his official capacity as | ) |
| Chief Administrative Officer; and NEW | ) |
| CASTLE COUNTY, a municipal | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Thomas P. Gordon, Sherry L. Freebery (collectively, the "Individual Defendants"), and New Castle County ("NCC") (with the Individual Defendants, "Defendants"), state their answer, general and specific denials, and affirmative defenses to Plaintiff's Complaint.

## RESPONDING TO ALLEGATIONS IN PLAINTIFF'S COMPLAINT

1. Defendants each deny that they committed any wrongful act and that any legal, equitable, or other relief of any kind is due Plaintiff. Defendants admit that Plaintiff purports to bring this action pursuant to the laws of the United States, including 28 U.S.C. §§ 1331, 1343(a)(3-4), 1367, 2201-02, and the First and Fourteenth Amendment of the United States Constitution. Defendants further admit that Plaintiff is an attorney and is a United States citizen and resident of the State of Delaware. Defendants admit that Defendant Thomas P. Gordon was the County Executive of Defendant NCC, and that Defendant Sherry Freebery was the Chief Administrative Officer of NCC during the same period. Admitted that NCC is a

municipal corporation organized under the laws of the State of Delaware. Defendants admit that Plaintiff has filed multiple lawsuits on behalf of police officers and other NCC employees against Defendants. Admitted that Plaintiff represented the plaintiffs in a suit brought against Defendants, captioned <u>Reyes et al. v. Gordon</u>, *et al.* (the "Reyes Matter"). Admitted that, in January 2004, the Individual Defendants took an ad in local newspapers and, in the ad, responded to various allegations made during the course of the Reyes Matter. The contents of the ad speak for themselves. Defendants admit that there is a confidentiality order in place in the Reyes Matter. Defendants further admit that, during a teleconference with the court on January 15, 2004, in the Reyes Matter, Plaintiff's co-counsel disclosed that Plaintiff had recently been diagnosed as having a brain tumor. The Individual Defendants were not in attendance at the teleconference. Defendant NCC attended through its legal counsel.

2. Allegations relating to former defendants Christopher A. Coons and David W. Singleton are not admitted or denied because the claims relating to those former defendants were dismissed pursuant to court order.

3. Allegations set forth in Paragraphs 112-141 of Plaintiff's Complaint are not admitted or denied because Counts IV , V, and VI, contained therein were dismissed pursuant to court order.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 9-17, 20-21, 26-27, 30-33, 45, 47, 52-53, 55, 57-78, 80-83, 86-87, 94-95,104, 106, and 109.

5. Defendants deny all other portions and paragraphs of Plaintiff's Complaint.

**FAILURE TO STATE A CLAIM**

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### AFFIRMATIVE DEFENSE—AFTER-ACQUIRED EVIDENCE

7.  Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendants reserve the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

### AFFIRMATIVE DEFENSE—CLAIM AND ISSUE PRECLUSION

8.  Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel or *res judicata*.

### AFFIRMATIVE DEFENSE—EQUITABLE ESTOPPEL

9.  Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

### AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE DAMAGES

10. The relief sought by Plaintiff is barred in whole or in part by his failure to mitigate damages.

### AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS

11. Plaintiff's claims are barred, in whole or in part, by failure to comply with the applicable statute of limitations and/or other applicable state or federal statutory procedures, jurisdictional, or administrative timing requirements.

### AFFIRMATIVE DEFENSE—ELECTION OF REMEDIES

12. The relief sought by Plaintiff is barred in whole or in part by his failure to mitigate damages.

### AFFIRMATIVE DEFENSE—QUALIFIED IMMUNITY

13. Defendants Gordon and Freebery are protected by the doctrine of qualified

immunity from suit, from liability, and from damages.

### AFFIRMATIVE DEFENSE—PRIVILEGE

14. The conduct alleged in Plaintiff's complaint cannot serve as the basis for a constitutional claim because such conduct, even if true, would be protected by a First Amendment privilege and the rights associated therewith.

### AFFIRMATIVE DEFENSE—LACK OF CAUSATION

15. The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

### AFFIRMATIVE DEFENSE—GOOD FAITH AND REASONABLENESS

16. Defendants, their employees, agents, and representatives acted at all times in good faith and on legitimate grounds.

WHEREFORE, Defendants respectfully request that, having answered Plaintiff's Complaint, judgment be entered against Plaintiff, with prejudice, as to each of Plaintiff's claims, and that Defendants be awarded costs and reasonable attorney's fees and allow Defendants such other and further relief as the Court may deem just and proper in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6666; -5008
Facsimile: (302) 576-3345; -3476
E-mail:  bwilloughby@ycst.com; mdibianca@ycst.com
*Attorneys for Defendant New Castle County*

(Continued on next page)

    and

    CHARLES E. BUTLER

    */s/ Charles E. Butler*
    Charles E. Butler, Esquire (Bar I.D. 2349)
    1224 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 655-4100
    Facsimile: (302) 655-4212
    E-mail: ceb@cebutler.com
    *Attorneys for Defendants Thomas P. Gordon and Sherry L. Freebery*

DATED: August 11, 2008